[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Thomas Carroll, Jr., is a minor who brought this action through his father, Thomas Carroll, Sr. The defendant, Casey Family Services, Inc., is a private child placement agency, licensed with the state of Connecticut. The plaintiff has brought a petition for discovery alleging that he has a potential cause of action, in negligence, against the defendant as a result of actions by an eleven year old foster child who was placed with the plaintiff's family by the defendant. The petition alleges that the foster child engaged in improper sexual conduct with the plaintiff when the plaintiff was eight years old.
The petition seeks an order from the court compelling the disclosure of written agreements and writings pertaining to the placement of the foster child with the plaintiff's family, as well as the name of someone who can testify as to the placement of the child and the child's history prior to placement with the plaintiff's family. The petition also seeks the disclosure of the names of all foster parents of the child, both prior and subsequent to, his placement with the plaintiff's family. The plaintiff claims that the information sought is material and necessary to his proof of the potential negligence cause of action against Casey Family Services, Inc. The defendant opposes disclosure of the information sought. The defendant maintains that disclosure would violate state statutes and regulations, the internal policy of the defendant, as well as the code of ethics of the national association of social workers.[1]
Three points should be noted about what is sought by the plaintiff. The plaintiff is seeking records and information from a private child placement agency which is licensed by the state to perform certain functions in conjunction with the department of children and families (DCF). The records and information sought involve a third party, the eleven year old foster child placed in the plaintiff's home. The information is sought in connection with a potential civil action.
The resolution of this matter is governed by General Statutes §17a-28 (b). The section provides that, "[n]otwithstanding the provisions of [the freedom of information act], records maintained by the department [of children and families] shall be confidential and shall not be disclosed. Such records of any person may only be disclosed, in whole or in part, to any individual, agency, corporation or organization with the consent of the person or as provided in this section."[2] Nothing has been presented to the court showing that the state of Connecticut, which apparently is the legal guardian of the foster child, has consented to the disclosure of the information sought. The court, therefore, only has the authority to order the disclosure if authorized under the statute.
Although the information is being sought from a private child placement CT Page 7412 agency, rather than DCF, the court need not decide whether Casey Family Services, Inc. is acting as an agent of DCF or is bound by the same confidentiality rules as DCF. General Statutes § 17a-28 (a)(5) defines "records" as "information created or obtained in connection with the department's child protection activities or activities related to a child while in the care or custody of the department . . ." Clearly the information sought in the petition from Casey Family Services involves a foster child while in the care or custody of DCF and was created or obtained in connection with DCF activities. The section continues to state that ". . . records which are not created by the department are notsubject to disclosure, except as provided pursuant to subsection (f), (1) or (n) of this section." (Emphasis added.) The records sought from the defendant, a private child placement agency, are thus not subject to disclosure unless authorized by the noted sections.
The court also recognizes that the statute authorizes, in limited circumstances, disclosure of the records of a "person" to the person. General statutes § 17a-28 (a)(1) defines a person as the individual named in the record, the parent of the individual named in the record, if that individual is a minor or the authorized representative of the individual named in the record, if the person is deceased. In this petition, the plaintiff seeks the records and information concerning a third party, the eleven year old foster child. In In Re Kristy L. v.Ragaglia, 47 Conn. Sup. 273, 787 A.2d 679 (1999), the grandparents of a child, whose parent's parental rights had been terminated, sought access to DCF records concerning the child. The grandparents wanted the records to aid them in seeking custody of their granddaughter. In denying release of the records, the court noted that the petitioners would be entitled to access to records concerning themselves, but not to records concerning their granddaughter. Id., 290-91. In this matter, the petitioner is also not seeking records pertaining to himself, but records and information as to another child.
It must also be noted that the records and information is sought by the plaintiffs to aid them in a potential civil negligence action. Access to DCF records has been granted to persons who were the subject of a DCF investigation or criminal investigation. Madden v. Ragaglia, Superior Court, judicial district of Windham at Putnam, Docket No. 066524 (February 7, 2002, Potter, J.) (31 Conn.L.Rptr. 452). Courts have also conducted in camera reviews of DCF records in criminal cases where defendants have raised due process claims[3] and claims of denial of the right of confrontation.[4] When raised in a civil context, however, trial courts have uniformly refused to order disclosure of DCF records, citing the lack of statutory or case law authority to order the disclosure. Giesing v. Blefeld, Superior Court, judicial district of New London at New London, Docket No. 549307 (January 4, 2001, Hendel, J.) (28 CT Page 7413 Conn.L.Rptr. 581); In Re James T., Superior Court Juvenile Matters, Child Protection Session, judicial district of Middletown (August 18, 1997, Foley, J.) (20 Conn.L.Rptr. 386. As there is no potential for loss of liberty in a civil case, which is present in a criminal case, even an in camera inspection of the records by the court is not authorized. Giesing v. Blefeld, supra, Superior Court, Docket No. 549307.
The court has examined all of the exceptions to nondisclosure, authorized under General Statutes § 17a-28, keeping in mind the strong public policy in favor of maintaining the confidentiality of records. and information relating to children while in the care or custody of DCF. The court has also particularly scrutinized the exceptions contained in subsections (f), (1) and (n) to the statute, as the records sought were not created by DCF, but were created by a private agency in connection with DCF. None of the exceptions authorize the court to disclose the records and information of another foster child to the plaintiff to aid the plaintiff in a civil action.[5] The plaintiff's petition for discovery is denied.
The court
Moran, J.